UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Alicia Nicole Davis

        Plaintiff,

v.

Med-star Georgetown
University Hospital

        Defendant.

Case: 1:21-cv-00520 JURY DEMAND
Assigned To : Unassigned
Assign. Date : 2/23/2021
Description: Pro Se Gen. Civ. (F-DECK)

## COMPLAINT
**(Food Poisoning – Strict Liability, Negligence, Personal Injury, Emotional Distress)**

Plaintiff Alicia Nicole Davis ("plaintiff"), pro se at the time of filing, asserting claims against Defendant Med-star Georgetown University Hospital, a District of Columbia Corporation ("defendant"), and states and alleges as follows:

### I.   PARTIES

1. The plaintiff, Alicia Nicole Davis, is a resident of Montgomery County Maryland, and is a dual citizen of the State of Maryland and the State of Missouri.

2. The defendant, Georgetown University Hospital, is a corporation organized and existing under the laws of the District of Columbia. Defendant, together with its subsidiaries, operates a hospital in the District of Columbia. At all times

relevant to the allegations contained in this complaint, the hospital was registered to do business, and did conduct business, in the District of Columbia. The defendant distributed, maintained and sold the food products that are the subject of this action at its restaurant location in the District of Columbia.

## II.   JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 USC § 1332(a)(l) and (e) because the matter in controversy exceeds $75,000.00, exclusive of costs, it is between citizens of different states, and because the defendant has certain minimum contacts with the District of Columbia such that the maintenance of the suit in this district does not offend traditional notions of fair play and substantial justice.

4. Venue in the United States District Court for the District of Columbia is proper pursuant to 28 USC§ 1391 (a)(2) because a substantial part of the events or omissions giving rise to the plaintiff's claims and causes of action occurred in this judicial district, and because the defendant was subject to personal jurisdiction in this judicial district at the time of the commencement of the action.

## III. GENERAL ALLEGATIONS

5. On or about February 23, 2018, the plaintiff was recovering from a caesarian delivery of her first-born child in the defendant's hospital.

6. The plaintiff was served her meal by the catering staff and she began to eat it.

7. The plaintiff felt uneasy and as she ate her food, and she felt fuzz in her mouth. Unbeknownst to her, she saw that she'd been eating molded food.

8. She shortly began to vomit and her stomach violently convulsing as her stomach as her body tried to expel the contaminated food. After all foods were expelled, she then vomited stomach acid and air without relief.

9. The pain was severely excruciating due to her recovering c-section stitches and surgery and the strain on the core muscles used to expel food when vomiting. An action that was detrimental to her healing and recovery.

Salmonella

10. The term Salmonella refers to a group or family of bacteria that variously cause illness in humans. The taxonomy and nomenclature of Salmonella have changed over the years and are still evolving[1].

11. Salmonella is an enteric bacterium, which means that it lives the intestinal tracts of humans and other animals, including birds. Salmonella bacteria are usually transmitted to humans by eating foods contaminated with animal feces or foods that have been handled by infected food service workers who have practiced poor personal hygiene. Contaminated foods usually look and smell normal. Contaminated foods are often of animal origin, such as beef, poultry, milk, or eggs, but all foods, including vegetables, may become contaminated.

---

[1] Regan Zambri PLLC

12. Salmonella is also a cause of a condition called post infectious irritable bowel syndrome (IBS), which is a chronic disorder characterized by alternating bouts of constipation and diarrhea, both of which are generally accompanied by abdominal cramping and pain. In one recent study, over one-third of IBS sufferers had had BS for more than ten years, with their symptoms remaining fairly constant over time. IBS sufferers typically experienced symptoms for an average of 8.1 days per month .

Plaintiff Alicia Davis's Pain, Illness, and Emotional Distress (COUNT III)

13. The plaintiff began to feel extreme pain and stress. And that night she began to suffer from continual bouts of diarrhea coupled with severe abdominal cramping. She could not continue breastfeeding her son so she was given a neonatal prescription for donor breast milk. The plaintiff experienced bloating and her stomach ultimately became distended.

14. The plaintiff's symptoms lasted for months. Her abdominal cramps remained excruciatingly severe throughout. She experienced emotional distress and as a result, was seen by a psychologist. She filed a grievance and met with several hospital directors to discuss her pain and vomiting.

15. Still in pain from her abdominal cramping, the plaintiff developed complications resulting in her son being released from the hospital in the care of the plaintiff's mother at 3 days old. This caused severe emotional distress and was stressed by all the staff visitation including psychologists and psychiatrists.

16. To date, the plaintiff continues to suffer from severe bloating, IBS, and intermittent sharp pains in the abdomen and constant psychological reminders of the horrible experience.

### III. CAUSES OF ACTION

### COUNT I
### (Strict Liability)

17. The defendant was at all times relevant hereto the manufacturer, distributor, and seller of the adulterated food product that is the subject of the action.

18. The adulterated food product that the defendant manufactured, distributed, and/or sold was, at the time it left the defendant's control, defective and unreasonably dangerous for its ordinary and expected use because it contained Salmonella, a deadly pathogen.

19. The adulterated food product that the defendant manufactured, distributed, and/or sold was delivered to the plaintiff without any change in its defective condition. The adulterated food product that the defendant manufactured, distributed, and/or sold was used in the manner expected and intended, and was consumed by the recovering breastfeeding plaintiff.

20. The defendant owed a duty of care to the plaintiff to distribute, manufacture, and/or sell food that was not contaminated, which was fit for human consumption, that was reasonably safe in

construction, and that was free of pathogenic bacteria or other substances injurious to human health. The defendant breached this duty.

21. The defendant owned a duty of care to the plaintiff to design, prepare, serve, sell food that was fit for human consumption, and that was safe to the extent contemplated by a reasonable consumer. The defendant breached this duty.

22. Plaintiff suffered injury and damages as a direct and proximate result of the defective and unreasonably dangerous condition of the adulterated food product that the defendant manufactured, distributed, and/or sold.

## COUNT II
### (Negligence)

23. The defendant owed to the plaintiff a duty to use reasonable care in the manufacture, distribution, and sale of its food product, the breach of which duty would have prevented or eliminated the risk that the defendant's food products would become contaminated with Salmonella or any other dangerous pathogen. The defendant breached this duty.

24. The defendant had a duty to comply with all statutes, laws, regulations, or safety codes pel1aining to the manufacture, distribution, storage, and sale of its food product, but failed to do so, and was therefore negligent. The plaintiff is among the class of persons designed to be protected by these statutes, laws, regulations, safety codes or provision

pertaining to the manufacture, distribution, storage, and sale of similar food products.

25. The defendant had a duty to properly supervise, train, and monitor its respective employees, and to ensure their compliance with all applicable statutes, laws, regulations, or safety codes pertaining to the manufacture, distribution, storage, and sale of similar food products, but it failed to do so, and was therefore negligent.

26. The defendant had a duty to use ingredients, supplies, and other constituent materials that were reasonably safe, wholesome, free of defects, and that otherwise complied with applicable federal, state, and local laws, ordinances and regulations, and that were clean, free from adulteration, and safe for human consumption, but it failed to do so, and was therefore negligent.

27. As a direct and proximate result of the defendant's acts of negligence, the plaintiff sustained injuries and damages in an amount to be determined at trial.

## IV.   DAMAGES

28. The plaintiff has suffered general, special, incidental, and consequential damages as the direct and proximate result of the acts and omissions of the defendant, in an amount that shall be fully proven at the time of trial. These damages include, but are not limited to:

damages for general pain and suffering; damages for loss of enjoyment of life, both past and future; medical and medical related expenses, both past and future; travel and travel-related expenses, both past and future; emotional distress, both past and future; pharmaceutical expenses, both past and future; and all other ordinary, incidental, or consequential damages that would or could be reasonably anticipated to arise under the circumstances.

PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for judgment against defendant as follows:

A. Ordering compensation for all general, special, incidental, and consequential damages suffered by the plaintiff as a result of the defendant's conduct in the amount of ONE HUNDRED FORTY THOUSAND DOLLARS ($140,000);

B. Ordering statutory prejudgment interest;

C. Awarding plaintiff reasonable attorneys' fees and costs, to the fullest extent allowed by law; and

D. Granting all such additional and/or further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a trial by jury with respect to each claim in this Complaint.

DATED:   February 20, 2021

Respectfully submitted,

By: _____

Alicia Davis
Pro Se
10221 River Rd
Potomac, MD
Justice4troops@gmail.com
(417)-413-3877