| | |
|---|---|
| ALICIA NICOLE DAVIS<br>18560 Mountain Laurel Terrace<br>Gaithersburg, MD 20879<br><br>        Plaintiff,<br><br>v.<br><br>MEDSTAR GEORGETOWN<br>MEDICAL CENTER, INC.<br>3800 Reservoir Road, N.W.<br>Washington, D.C.<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) **Case No: 1:21-cv-00520-RC** |

## OPPOSITION TO DEFENDANT'S SECOND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

The Plaintiff, Alicia Davis, pro se, pursuant to Fed. R. Civ. P. 4(c) and 12(b), and LCvR 7 of the Local Rules of the United States District Court, files this Opposition Motion to Dismiss Defendant's Second Complaint on the basis that:

(a) Plaintiff's claim was timely filed on February 20, 2021
(b) Plaintiff was non compos mentis/on military base

For this reason, the Defendant's Complaint should be dismissed. The Plaintiff refers the Court to the Memorandum of Points and Authorities attached hereto and incorporated herein by reference.

RECEIVED
Mail Room
OCT − 8 2021
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Respectfully submitted,

_____
*Alicia Davis, pro se*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of October, 2021, a copy of the Plaintiff's Opposition to Second Motion to Dismiss Plaintiff's Complaint, Memorandum of Points and Authorities, and Proposed Order, was filed and mailed first-class, to:

> Jeremy R. Krum, Esquire (Bar No. MD16024)
> jkrum@adclawfirm.com
> Robert D. Anderson, Esquire (Bar No. 985534)
> randerson@adclawfirm.com
> 204 Monroe Street, Suite 101
> Rockville, Maryland 20850
> (301) 251-0440
> *Counsel for Defendant, MedStar Georgetown Medical Center, Inc*

Respectfully submitted,

_____
*Alicia Davis, pro se*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALICIA DAVIS, <br><br> Plaintiff, <br><br> v. <br><br> MEDSTAR GEORGETOWN <br> MEDICAL CENTER, INC. <br><br> Defendant. | Case No: 1:21-cv-00520-RC |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION OF DEFENDANT'S SECOND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff submits the following memorandum of points and authorities in support of it's Opposition to Motion to Dismiss, and states as follows:

## I. FACTUAL BACKGROUND

On February 20, 2021, the Plaintiff, Alicia Nicole Davis, proceeding *pro se*, e-filed the civil action alleging negligence, personal injury, and emotional distress][pl,.

The Plaintiff's Amended Complaint asserts that on February 23, 2018, the Plaintiff was served "molded food" while a patient at MedStar Georgetown Medical Center, Inc. d/b/a MedStar Georgetown University Hospital. ECF No.12 at ¶5-7. For the reasons outlined below, the Defendant's Complaint should be dismissed.


RECEIVED Mail Room
OCT -8 2021
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

## II. STANDARD OF REVIEW

The Honorable Court has not had the procedural treatment of pro se litigants during COVID-19 procedures before it. The Court has recognized, however, that the requirements of a judgment rule may not fairly be applied "with strict literalness" to a litigant unrepresented by counsel and subject to the "handicaps *(COVID-19/indigency in this case) necessarily imposes upon a litigant." Hudson v. Hardy, 412 F.2d 1091, 1094 (D.C. Cir. 1968) Phillips v. United States Board of Parole, 122 U.S.App.D.C. 235, 352 F.2d 711 (1965). In Phillips, we noted that "appellant has neither the facilities nor has he had the opportunity to provide the documentary evidence that would have been necessary, by ordinary standards, to defeat appellees' motion for summary judgment." 122 U.S.App.D.C. at 238, 352 F.2d at 714. As in Phillips, appellant in this case was not represented by counsel.

Despite several disabling factors including closed public libraries (Plaintiff's computer is broken) and closed clerk offices for indigenous pro se litigants. The only option available to the indigenous pro se litigants to search, use computers, and print was commercial places such as Fedex that were also closed during the COVID-19 pandemic.

Defendant states that *Pro se* status is not synonymous with "special consideration." Dozier v. Ford Motor Co., 702 F.2d 1189, 1194 (D.C. Cir. 1983). "While such a *pro se* litigant must of course be given fair and equal treatment, he cannot generally be permitted to shift the burden of litigating his case to the courts, nor to avoid the risks of failure that attend his decision to forego expert assistance." Id. In this, the Plaintiff cannot afford legal assistance, it is not a decision to forego exert assistance. The Plaintiff is not "shifting the burden of litigating" this case to the courts. This is a case of diligent due process exercised by the Plaintiff to file her case

The Defendant's own case cite adds to the Plaintiff's point "fair and equal treatment", if this is the

case than the court must decide is it fair for pro se litigants, who are subject to clerk's office filings, be penalized when the clerk's office is not open to litigants.

III. ARGUMENT

A. Plaintiff timely filed on February 20, 2021.

The Defendant's Complaint should be dismissed because the pro se Plaintiff did e-file in good faith on February 20, 2021. *See Exhibit 1.* Pacer processed her e-file. In another good faith effort, the Plaintiff came to a locked courthouse on Monday so she decided as a 3rd good faith attempt to send an additional paper copy through the Federal guards. Her claim was filed with the US Bankruptcy court before it was redirected to the District Court. Plaintiff received rejection notice on February 26, 2021 (Exhibit 1) well after the date of the Plaintiff's last actionable claim against Defendant.

Although I did not "neglect" this case, excusable neglect, for the sake of case law are found in Flagship West, LLC v. Excel Realty Partners, L.P., No. CV-F-02-5200 OWW/DLB, 2007 WL 1574967, at *7–9 (E.D. Cal. May 30, 2007) and Pace v. AIG, No. 8 C 945, 2010 WL 4530357 (N.D. Ill. Nov. 1, 2010). In Flagship West, defense counsel timely filed a posttrial motion but did not meet the court's deadline to file a memorandum in support of that motion. When filing the memorandum, the attorney "failed to complete the technical steps required for electronically filing of documents" by not clicking "next" on the "last screen necessary to commit the transaction." Id. at *7. He correctly filed the following day, after the deadline. Id. The court was persuaded that excusable neglect existed because the filing attorney "attempted to comply" with the order of the court. Id. In Pace, the court found excusable neglect after an electronic notice was diverted into a blocked e-mail folder at appellant's counsel's law firm because the firm's e-mail system classified the notice as spam. 2010 WL 4530357, at *1. Although the court called the question "close" and questioned why the notice evaded all six attorneys of record for the appellants, it found no reason

to "doubt the veracity of counsel's explanation here, [that was] supported by an affidavit and evidence from his firm's information technology manager.

In two separate cases from the fifth and eleventh circuits, the appeals courts have adopted the Supreme Court's ruling that documents are considered filed in court when they are delivered to prison officials for mailing by pro se prisoner litigants.

Lawrence Thompson is a Texas state prisoner. He filed suit under § 1983 and the case was referred to a magistrate. The magistrate recommended that the suit be dismissed as frivolous and informed Thompson that he had ten days in which to file any objections to the recommendation with the presiding judge.

Thompson requested, and received, an extension of time for filing the objections. He mailed his objections in an envelope provided by the court on November 18, 1991, two days before the deadline. On December 4, 1991, prison officials returned the envelope citing his failure to put his name and DOC number on the envelope. Thompson remailed the objections and they were received by the court on December 12, 1991, 22 days past the deadline. The court adopted the magistrates report and dismissed the suit holding his objections were not timely.

The court of appeals for the fifth circuit vacated and remanded. The appeals court adopted the supreme court's reasoning in Houston v. Lack , 487 US 266, 108 S.Ct. 2379 (1988), and held that " pro se prisoners filing written objections to a magistrate's report and recommendation pursuant to Fed.R.Civ.P. 72(b) are subject to the same conditions and limitations of confinement as a prisoner filing a notice of appeal." Because the time to file objections to magistrate's reports is substantially shorter than that in which to file a notice of appeal (10 days versus 30), the court found no basis upon which to distinguish this case from Houston .

"We therefore hold that, for purposes of FRCP 72(b), a pro se prisoner's written objections to a magistrate's report and recommendation must be deemed filed and served at the moment they are forwarded to prison officials for delivery to the district court. This ruling, however, does not relieve a prisoner of the responsibility of doing all that he or she can reasonably do to ensure that documents are received by the clerk of the court in a timely manner... Failure to stamp or properly address outgoing mail or to follow reasonable prison regulations governing prisoner mail does not constitute compliance with this standard."

The appeals court vacated the order dismissing the suit and remanded it for a determination of timeliness. If the court finds that Thompson delivered his objections to prison officials on or before Nov. 20, 1991, the court should consider them in deciding to accept, modify or reject the magistrate's recommendation. If Thompson did not file his objections in a timely manner the district court can disregard them and reinstate its judgement.

The eleventh circuit court of appeals reached a similar decision in a companion case reported in the same volume. The case involves a consolidated appeal by state and federal prisoners in separate states. The primary issue the court decided in this case was whether or not pro se prisoners' pleadings are considered filed when they are delivered to prison officials for mailing. They held they are.

The court gave an extensive discussion of the policy reasons behind adopting this rule and cites cases from every circuit that has considered this question. The court held that " Houston places the burden of proof for the pro se prisoner's date of delivering his document to be filed in court on the prison authorities, who have the ability to establish the correct date through their logs."

The court held these considerations apply equally to federal as well as state prisoners and to § 1983 cases as well as Federal Tort Claims cases. Both cases were reversed and remanded to the

respective district courts. See: Thompson v. Rasberry , 993 F.2d 513 (5th Cir. 1993); Garvey v. Vaughn , 993 F.2d 776 (11th Cir. 1993).

Plaintiff is hereby claiming that she timely filed given the COVID restrictions in place at the time of filing for pro se litigants.

### B. Plaintiff was non compos mentis and institutionalized

The Plaintiff, (awaiting certified copies) was non compos mentis from October 19, 2019 until December 2019. Even though the Plaintiff filed on time, equitable tolling on non compos mentis grounds is typically granted only in the extreme case. The mere existence of mental problems or life difficulties will not suffice; rather, "total incapacity" is "necessary to warrant equitable tolling" on non compos mentis grounds. Miller v. Rosenker, 578 F.Supp.2d 67, 71 (D.D.C.2008). For instance, time limits for a plaintiff's claim may be equitably tolled when the plaintiff had extremely severe, "crippling" paranoid schizophrenia that rendered her "incapable of rationally cooperating with any counsel, and/or pursuing her claim on her own during the limitations period." After that period

C. Plaintiff was stationed on the U.S. Army Garrison Italy headquarters is located on Caserma Ederle in Vicenza, Italy from December 2019-April 1 2020.

The very purpose of a limitations period is to bar efforts to enforce stale claims because evidence is lost or destroyed over time. *See e.g.*, Hobson v. District of Columbia, 686 A.2d 194, 198 (D.C. 1996) however, this is not the case with this complaint. The Plaintiff did first seek relief through the Defendant's "patient's advocacy" and then filing a formal internal complaint within the hospital the same week in 2018. The Defendants stalled the Plaintiff's written complaint for almost 3 years until the Plaintiff feared the lack of responses was intentional or additional negligence.

## C. CONCLUSION

For the reasons stated above, the Plaintiff respectfully requests that this Court enter an Order, as reflected in the attached Proposed Order, dismissing the Defendant's 2nd Motion, and the Plaintiff further requests such additional relief as this Court may deem appropriate.

Respectfully submitted,

*Alicia Davis*
*18560 Mountain Laurel Terrace*
*Gaithersburg, MD 20879*
*240-778-2832*
*Justice4troops@gmail.com*

 Gmail

troop justice <justice4troops@gmail.com>

## Fwd: NextGen CM/ECF Registration Status

Alicia Davis <alicia24x7@gmail.com>  Thu, Oct 7, 2021 at 5:16 PM
To: justice4troops@gmail.com

---------- Forwarded message ---------
From: <do_not_reply@psc.uscourts.gov>
Date: Fri, Feb 26, 2021 at 12:18 PM
Subject: NextGen CM/ECF Registration Status
To: <anw4dc@gmail.com>

This email is notification that your NextGen CM/ECF electronic filing registration has been processed. You may check your E-Filing Status by visiting the "Manage My Account" section of the PACER web site and selecting "Check E-File Status" option from the "Maintenance" tab or use this link, https://pacer.psc.uscourts.gov/pscof/manage/efileStatus.jsf.

Account Number: 4352810
Court: DISTRICT OF COLUMBIA DISTRICT COURT
Date/Time Submitted: 02/20/2021 12:08:10 CST
Transaction ID: 28264
Request: Registration
Transaction Status: Rejected
Comment: We have received your request for e-filing. Unfortunately, pro se parties are not permitted to e-file without leave of court. Please submit your motion in paper to the Clerk's Office. Once granted, please resubmit your e-filing request.

NOTE: Please do not reply to this message. This is an automated message sent from an unmonitored mailbox. If you have questions or comments, please email them to attorney_admissions@dcd.uscourts.gov.